UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| JOHN ASMODEO, | |
| Movant, | 20 CV 8330 (VB) |
| -against- | 15 CR 327 (VB) |
| UNITED STATES OF AMERICA, | ORDER TO AMEND |
| Respondent. | |

VINCENT L. BRICCETTI, United States District Judge:

Movant John Asmodeo pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251. He was sentenced to 180 months' imprisonment, followed by a ten-year period of supervised release. *United States v. Asmodeo*, ECF 7:15-CR-0327, 90 (S.D.N.Y. Feb. 1, 2018), *aff'd*, 763 F. App'x 75 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 193 (2019).

On October 6, 2020, Asmodeo filed a motion requesting, "additional time to file my 2255 motion for ineffective assistance of councel [sic] or to request appointment of CJA councel [sic] to draft and file a 2255 motion on my behalf."[1] (20 Civ. 8330 Doc. # 1.) Asmodeo did not file a § 2255 motion, but his submission does list grounds for relief.

### STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to

---

[1] Asmodeo failed to sign the motion as required under Rule 11(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). Rule 11(a) of the Fed. R. Civ. P. provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

1

collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000) (court may *sua sponte* raise untimeliness of habeas petition); *see also Spinale v. United States,* 277 F. App'x 108, 109 (2d Cir. 2008) (applying rule to Section 2255 petition). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

### A.   Motion for Relief Under 28 U.S.C. § 2255

Asmodeo's submission is construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to challenge the legality of his conviction and sentence, and he sets forth the bases for an application for § 2255 relief. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").

Because Asmodeo has only one opportunity for a full adjudication of his claims, the Court grants Asmodeo leave to file an amended § 2255 motion that sets forth all his grounds for relief and all facts in support of those grounds. If Asmodeo does not respond to this order within the time allowed, the submission will remain designated as a motion under 28 U.S.C. § 2255,

and the Court will order the Government to file an answer or other pleading in response to the motion.

**B.     Appointment of Counsel**

In the criminal context, the right to appointed counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

District courts do, however, have discretion to appoint counsel. Section 2255(g) expressly provides that a district court "may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A. Section 3006A(a)(2) provides that representation may be provided "for any financially eligible person" when "the interests of justice so require."

In determining whether the "interests of justice" require the appointment of counsel, district courts look to *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1985), a Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant in an analogous context, *see, e.g., Toron v. United States,* 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003); *Harrison v. United States,* Nos. 06-CV-261S & 03-CR-0114-001S, 2006 WL 1867929, at *1 (W.D.N.Y. June 30, 2006).

*Hodge* dictates that "[i]n deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's

3

ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62.

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the Court denies Asmodeo's request for counsel, under 18 U.S.C. § 3006A, without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Asmodeo, noting service on the docket.

The Court construes Asmodeo's submission as a motion under 28 U.S.C. § 2255. By December 7, 2020, Asmodeo is directed to file an amended § 2255 motion setting forth all his grounds for relief and any supporting facts for the grounds raised.[2] An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order. If Asmodeo does not respond to this order, the submission will remain designated as a § 2255 motion, and the Court will direct the United States Attorney's Office to file an answer or other pleading in response to the motion. No answer shall be required at this time.

The Court denies Asmodeo's request for counsel, under 18 U.S.C. § 3006A, without prejudice to renewal at a later date.

Because Asmodeo has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[2] Asmodeo must sign his amended § 2255 motion, as required under Fed. R. Civ. P. 11(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     October 8, 2020
           White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

AO 243
(Rev. 10/07)

Page 1

# AMENDED Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

    Daniel Patrick Moynihan U.S. Courthouse
    500 Pearl Street
    New York, NY 10007

9. CAUTION: You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Page 2

AMENDED   MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
\_\_\_-CV-\_\_\_\_\_ (VB)   SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | | |

MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:


    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):


    (b) Date of sentencing:

3.  Length of sentence:

4.  Nature of crime (all counts):




5.  (a) What was your plea? (Check one)
       (1)   Not guilty ❑        (2)   Guilty ❑        (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

8.  Did you appeal from the judgment of conviction?   Yes ☐   No ☐

9.  If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ❑  No ❑

(2)  Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.


**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):


(b) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ❑   No ❑

  (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ❑  No ❑

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition:

  Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




GROUND TWO:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

## GROUND THREE:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c)  Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐    No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐.

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐    No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
            (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Print     Save As...     Export as FDF     Retrieve FDF File     Reset